**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ERIC L. JACKSON,**

    **Petitioner,**

    **v.**
                                        **CIVIL ACTION NO. 5:04CV133**
                                           **CRIMINAL ACTION NO. 5:01CR4**
                                           **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

**I. PROCEDURAL HISTORY**

On October 6, 2004, the petitioner, Eric Jackson, an inmate at FCI-Allenwood, filed a *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on October 29, 2004, the Court Ordered the respondent to answer the petition. On November 18, 2004, the respondent filed United States' Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 wherein the respondent argued that the motion was time barred.

On January 18, 2005, the petitioner filed Notice Apprising Court that for Purposes of Filing his Present §2255 Motion in Accordance with the AEDPA Petitioner's Writ of Certiorari was Denied on October 6, 2003. Subsequently, the respondent filed a document titled "United States' Response to Defendant's Notice Apprising the Court of Petitioner's Writ of Certiorari for Purposes of Filing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 wherein the respondent stated the motion was timely filed and requested an additional 30 days to respond to the petitioner's motion. By Order entered on January 24, 2005, the Court gave the

respondent until February 25, 2005 to respond to the merits of the petitioner's motion.

On February 2, 2005, the respondent filed United State's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. On April 4, 2005, the petitioner filed Petitioner's Reply to the Government's Second Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 and Request for Order to Show Cause and Injunctive Relief to Deter Further Instances of Government Abuse of Judicial Process.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

## II. FACTS

On June 15, 2001, the petitioner was found guilty by a jury for the Northern District of West Virginia of conspiracy to possess with the intent to distribute and to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §846 and 21 U.S.C. §841(b)(1)(A)(iii); and three counts of distribution of crack within 1,000 feet of an elementary school in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 860. On May 7, 2002, the Court sentenced the petitioner to 360 months imprisonment.

The petitioner filed an appeal from his conviction and sentence. On appeal he argued that (1) his indictment was insufficient under Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) the district court improperly amended the indictment by permitting the jury to consider drug quantities by means of a special interrogatory; (3) the district court submitted an improper jury instruction stating the evidence did not have to establish the alleged amount of cocaine, but rather that a measurable amount of cocaine or cocaine base was in fact the subject of the acts charged; (4) 21 U.S.C. § 860 is unconstitutional under the Commerce Clause; (5) the evidence presented at trial was

2

insufficient to support his conviction; (6) the district court erred in calculating his sentence because the jury found the conspiracy involved at least fifty grams of cocaine base and the district court used a total of 30,010 grams of cocaine base to calculate his sentence under the guidelines; and (7) he was provided ineffective assistance of counsel. By decision dated May 20, 2003, the Fourth Circuit affirmed the petitioner's conviction and sentence. United States v. Jackson, 63 Fed.Appx. 149 (4th Cir. 2003). The petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on October 6, 2003.

On October 6, 2004, the petitioner filed a §2255 motion alleging that he was provided ineffective assistance of counsel because his attorney failed to "request an independent chemical analysis on the alleged seized controlled substance, present exculpatory evidence, file a motion to suppress, and [failed] to subject prosecution's case to meaningful adverse testing process."

The Government asserts that the petitioner was not denied effective assistance of counsel; the petitioner was not denied his constitutional right to have the controlled substance analyzed by an independent expert selected by him; he was not prejudiced because an alibi defense was not presented; and Blakely v. Washington, 530 U.S. 466 (2004) does not apply to the petitioner.

### III. ANALYSIS

**A. Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the

3

facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

### 1. Failure to Have Controlled Substance Tested

The petitioner states that he requested that his attorney request an independent analysis of the drugs because the drugs were cocaine powder and not cocaine base. On June 2001, the undersigned held an evidentiary hearing regarding the petitioner's motion to substitute counsel. During the hearing, the petitioner stated that one of the reasons he wanted a new attorney was because his attorney would not have a chemical analysis performed on the drugs. The undersigned ruled that "the law in the Fourth Circuit and the law in the federal government is, as an indigent defendant, in order for you to get that, you have to prove to me that there is some basis for you to get an independent analysis of the drugs in order for the Government to pay for it."

Further, during the petitioner's trial, a DEA Forensic Chemist testified as to the procedures she used for chemical analysis and concluded the drugs were crack cocaine. Additionally witnesses testified at trial that the petitioner was involved with the possession and distribution of cocaine base.

As the respondent recognized, "[l]ay testimony and circumstantial evidence may be sufficient, without introduction of expert chemical analysis, to establish identity of substance

4

involved in an alleged narcotics transaction." United States v. Dolan, 544 F. 2d 1219, 1221 (4th Cir. 1976) and United States v. Scott, 725 F. 2d 43, 45 (4th Cir. 1984)(the drugs were not seized and thus, no chemical analysis was performed. However, the testimony of drug users established that the substance was cocaine.).

Consequently, the petitioner was not denied effective assistance of counsel by his counsel's refusal to request that the drugs be independently analyzed.

The petitioner also asserts that had his attorney not erroneously told him he would be sentenced for powder cocaine he would have pled guilty. However, the petitioner does not allege that he was offered a plea agreement which stipulated to relevant conduct being cocaine instead of crack cocaine. Thus, the petitioner's allegations do not give rise to a claim of ineffective assistance of counsel.

### 2. **Failure to Present Alibi Defense**

The petitioner asserts that his counsel failed to use evidence which would have demonstrated that he could not be guilty of the crimes for which he was convicted because he was in another state when the offenses occurred. In the petitioner's June 28, 2001 letter to the Honorable Frederick P. Stamp, which the petitioner attached to his motion, the petitioner states as follows:

> [A]t trial, I gave him my 97 volunteer paper work which told him I was in New York for the whole '97. He withheld evidence. At trial he never brought up the fact that I was moving from New York to Cleveland. I also gave him my W-2 forms too. Four days before trial, he asked me to sign a paper to verify my work history.

However, as noted by the respondent, while the petitioner states that he had alibi evidence for 1997 which would exonerate him of the crimes charged in the indictment, the crimes covered the period of Summer of 1997 to on or about February 20, 2001. The petitioner provides no

5

information regarding an alibi defense for the remainder of the period in question.

The petitioner must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F. 3d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Id.

Here, the petitioner has not offered any evidence that his attorney was ineffective in the manner in which he handled the "alibi" evidence. Further, he has not shown that but for his counsel's unprofessional errors the result of the proceeding would have been different.

### 3. **Failure to Object to Jury Instruction**

The petitioner alleges his attorney was ineffective for failing to object to the Court's charge to the jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Fourth Circuit reviewed the issue regarding the jury instruction and stated "We have reviewed the jury instructions and conclude, taken as a whole, the instructions fairly stated the controlling law." Thus, the petitioner's claim of ineffective assistance is without merit.

## B. **Blakely**

The petitioner also asserts that Blakely v. Washington, 530 U.S. 466 (2004) applies retroactively to his case. After Blakely was decided, the Supreme Court decided United States v. Booker, ____ U.S. ____, 125 S.Ct. 738 (2005).[1] Thus, the petitioner's Blakely claim is actually a

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
   Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury,

Booker claim. However, Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

## C. Evidentiary Hearing

The petitioner seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Here, the record is clear that the petitioner is not entitled to any relief. Thus, there is no need for an evidentiary hearing.

## IV. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion and his Request for an Order to Show Cause and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 26, 2005

/s/ James E. Seibert\
JAMES E. SEIBERT\
UNITED STATES MAGISTRATE JUDGE