IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC L. JACKSON,

    Petitioner,

v.                                                Civil Action No. 5:04CV113
                                                     (Criminal Action No. 5:01CR4)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.


**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING THE MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION**

I.  Procedural History

On October 6, 2004, the pro se petitioner,[1] Eric L. Jackson,[2] filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

The magistrate judge entered an order on October 29, 2004 directing the United States to answer the petition. The United States filed a response asserting that the petitioner's motion was time barred. On January 18, 2005, the petitioner filed a notice apprising the Court that for purposes of filing his present § 2255

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] The petitioner is an inmate at FCI-Allenwood.

motion in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner's writ of certiorari was denied on October 6, 2003. Subsequently, the United States filed a document titled "United States' Response to Defendant's Notice Apprising the Court of Petitioner's Writ of Certiorari for Purposes of Filing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" wherein the United States stated that the motion was timely filed and requested an additional thirty days to respond to the petitioner's motion. The magistrate judge entered an order providing the United States until February 25, 2005 to respond to the merits of the petitioner's motion.

On February 2, 2005, the United States filed a response to the petitioner's motion, to which the petitioner filed a reply to the United States's second response. On September 26, 2005, the magistrate judge entered a report recommending that the petitioner's § 2255 motion and his request for an order to show cause be denied and the case be dismissed from the active docket.

Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. On March 9, 2006, the petitioner filed objections to a portion of the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II. Facts

On June 15, 2001, the petitioner was found guilty by a jury in the Northern District of West Virginia of conspiracy to possess with intent to distribute and to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(iii); and three counts of distribution of crack cocaine within 1000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and § 860. On May 7, 2002, this Court sentenced the petitioner to 360-months imprisonment. The petitioner filed an appeal from his conviction and sentence. On appeal, he argued that: (1) his indictment was insufficient under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (2) the district court improperly amended the indictment by permitting the jury to consider drug quantities by means of a special interrogatory; (3) the district court submitted an improper jury instruction stating that the evidence did not have to establish the alleged amount of cocaine, but rather that a measurable amount of cocaine or cocaine base was in fact the subject of the acts charged; (4) 21 U.S.C.

3

§ 860 is unconstitutional under the Commerce Clause; (5) the evidence presented at trial was insufficient to support the petitioner's conviction; (6) the district court erred in calculating his sentence because the jury found the conspiracy involved at least 50 grams of cocaine base and the district court used a total of 30,010 grams of cocaine base to calculate his sentence under the Guidelines; and (7) he was provided ineffective assistance of counsel. The United States Court of Appeals for the Fourth Circuit entered a decision on May 20, 2003 affirming the petitioner's conviction and sentence. <u>United States v. Jackson</u>, 63 Fed.Appx. 149 (4th Cir. 2003). The petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 6, 2003.

On October 6, 2004, the petitioner filed the present § 2255 motion in this action, to which the United States replied.

### III. <u>Applicable Law</u>

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court articulated the standards used to measure ineffective assistance of counsel. The Court stated that "[t]he benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> at 686. Thus, in order to prove an ineffective assistance claim, the petitioner must show that

4

"counsel's performance was deficient" and that "counsel's errors were so serious as to deprive the defendant of a fair trial . . ." <u>Id.</u> at 687. Under this two-prong test, a claim will be successful only if (1) counsel made significant missteps, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

## IV. Discussion

In his § 2255 motion, the petitioner alleges that he was provided ineffective assistance of counsel because his attorney failed to "request an independent chemical analysis on the allegedly seized controlled substance, present exculpatory evidence, file a motion to suppress, and [failed] to subject prosecution's case to meaningful adverse testing process." The magistrate judge recommended that the petitioner's § 2255 motion should be denied. The petitioner filed objections to the magistrate judge's recommendation asserting that his § 2255 motion should not be dismissed. The petitioner cites to Federal Rule of Civil Procedure 16(a)(1)(C) and <u>United States v. Pollock</u>, 402 F. Supp. 1310 (D. Mass. 1975), to support his argument that his attorney erred by not having an independent expert witness analyze the alleged drugs at issue in his criminal action, Criminal Action No. 5:01CR4.

This Court finds that the petitioner's objections lack merit for the reasons stated below.

A. <u>Ineffective Assistance of Counsel</u>

Counsel's conduct is measured under the two-part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. If the petitioner shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. <u>Fields v. Att'y Gen. of Maryland</u>, 956 F.2d 1290, 1297 (4th Cir. 1992).

1. <u>Failure to Have Controlled Substance Tested</u>

The petitioner states, in his § 2255 motion and in his objections, that he requested that his attorney have an independent analysis performed on the alleged narcotics because he believed that the test results would have revealed that the substance was

6

cocaine powder and not cocaine base.  On June 1, 2001, the magistrate judge held an evidentiary hearing in this criminal action, Criminal Action No. 5:01CR4, regarding the petitioner's motion to substitute counsel.  During the hearing, the petitioner stated that one of the reasons he wanted a new attorney was because his attorney would not have an independent chemical analysis performed on the alleged narcotic substance.  At the hearing, the magistrate judge ruled that "the law in the Fourth Circuit and the law in the federal government is, as an indigent defendant, in order for you to get that, you have to prove to me that there is some basis for you to get an independent analysis of the drugs in order for the Government to pay for it."  (Report and Recommendation at 4.)

During the petitioner's criminal trial, a Drug Enforcement Administration ("DEA") forensic chemist testified as to the procedures she used for chemical analysis and concluded that the alleged narcotics were crack cocaine, also known as cocaine base. Further, at the trial, witnesses testified that the petitioner was involved with the possession and distribution of cocaine base. "Lay testimony and circumstantial evidence may be sufficient, without introduction of expert chemical analysis, to establish identity of substance involved in an alleged narcotics transaction."  See e.g. United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976); United States v. Scott, 725 F.2d 43, 45 (4th Cir.

7

1984)(the drugs were not seized and thus, no chemical analysis was performed, however, the testimony of drug users established that the substance was cocaine). While lay testimony may be sufficient to establish that a substance involved is cocaine base, the United States still presented evidence of the procedures used by the DEA forensic chemist to identify the alleged narcotics in the petitioner's possession.

In his objections, the petitioner asserts that the West Virginia Crime Lab is corrupt and that in his criminal trial, the DEA agent testified that the substance was "probably sodium bicarbonate." (Pet'r's Objection at 6.) After a careful review of the trial transcript dated June 12, 2001, this Court notes that Elizabeth Patierno, a forensic chemist with the DEA in Washington, D.C., testified that the substance seized from the petitioner contained "cocaine base and other alkaloids, natural occurring substances that come from the cocaine plant." (Trial Tr. at 347, June 12, 2001.) Ms. Patierno testified in detail as to the procedures she used for chemical analysis. After a careful review of the trial transcript, this Court finds that the petitioner is inaccurate in his statement regarding Ms. Patierno's testimony. Thus, this Court finds that the petitioner has failed to establish any cause for an independent analysis on the substance identified by Ms. Patierno as cocaine base.

Further, this Court finds that the petitioner's reliance on United States v. Pollock, 402 F. Supp. 1310, 1310 (D. Mass. 1975), is misplaced. The petitioner asserts that, pursuant to Pollock, he is entitled to an independent analysis of the alleged narcotics because the United States was going to rely on this evidence in the criminal trial. In Pollock, the court states that "an inspection and independent analysis of suspected narcotics may be allowed upon a showing that the proposed discovery is reasonable and might be material to a defendant's case." Id. This Court finds that there is no showing by the petitioner in this action that an independent analysis would have been material to his case. Thus, this Court finds that the petitioner's objection lacks merit and must be overruled.

Accordingly, after a de novo review, this Court finds that the petitioner was not denied effective assistance of counsel when his attorney refused to request that the alleged narcotics be analyzed by an independent expert witness.

Further, the petitioner asserts that had his attorney not erroneously told him that he would be sentenced for powder cocaine, he would have pled guilty. In his § 2255 motion, the petitioner does not allege that he was offered a plea agreement that stipulated to relevant conduct being cocaine instead of crack cocaine. Because of the petitioner's failure to raise a claim for

9

ineffective assistance of counsel regarding his attorney's advice, this Court finds that petitioner's counsel was effective.

    2.   <u>Failure to Present Alibi Defense</u>

In his § 2255 motion, the petitioner asserts that his counsel failed to use evidence which would have demonstrated that he could not be guilty of the crimes for which he was convicted because he was in another state when the offenses occurred. In the petitioner's June 28, 2001 letter to this Court, he stated that:

> "at trial, I gave him my 97 volunteer paper work which told him I was in New York for the whole '97. He withheld evidence. At trial he never brought up the fact that I was moving from New York to Cleveland. I also gave him my W-2 forms. Four days before trial, he asked me to sign a paper to verify my work history."

While the petitioner asserts that he had evidence of an alibi for the year of 1997, which would exonerate him of the crimes charged in the indictment, the crimes charged in the indictment covered the period of the summer of 1997 until about February 20, 2001. To date, the petitioner has not provided any information regarding an alibi defense for the period in question after 1997.

The Fourth Circuit Court of Appeals has stated that the petitioner must come forward with evidence that his or her claim has merit to provide a basis for an evidentiary hearing. See e.g. <u>Nickerson v. Lee</u>, 971 F.2d 1125 (4th Cir. 1992). Allegations amounting to nothing more than conclusions cannot provide a basis for an evidentiary hearing. <u>Id.</u>

10

In this action, the petitioner has not offered any evidence that his attorney was ineffective in the manner in which he handled the "alibi" evidence. Further, he has not shown that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. This Court concludes that the magistrate judge's recommendation is without clear error and finds that the petitioner's allegation of ineffective assistance of counsel regarding the "alibi" evidence must be dismissed.

   3.   Failure to Object to the Jury Instruction

In his § 2255 motion, the petitioner alleges that his counsel was ineffective for failing to object to this Court's charge to the jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The petitioner did not file an objection to this portion of the magistrate judge's report and recommendation.

The Fourth Circuit reviewed the issue regarding the jury instruction and stated that "[w]e have reviewed the jury instructions and conclude, taken as a whole, the instructions fairly stated the controlling law." This Court finds that the magistrate judge's recommendation is without clear error and the petitioner's claim of ineffective assistance is without merit.

B.   Blakely v. Washington

The petitioner also asserts in his § 2255 motion that Blakely v. Washington, 530 U.S. 466 (2004), applies retroactively to his case. The petitioner did not file an objection to this portion of

11

the magistrate judge's report and recommendation. After <u>Blakely</u> was decided, the Supreme Court decided <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). The Fourth Circuit has made it clear that neither <u>Booker</u> nor <u>Blakely</u> can be applied retroactively. <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005)(<u>Booker</u>, 125 S. Ct. at 738, is not retroactive because it is not a "watershed" rule.).

Accordingly, this Court finds that the magistrate judge's recommendation is without clear error and thus, this portion of the petitioner's motion must be denied because it relies on a retroactive application of <u>Booker</u> or <u>Blakely</u>.

C.  <u>Evidentiary Hearing</u>

In his § 2255 motion, the petitioner seeks an evidentiary hearing. The magistrate judge found that the petitioner was not entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2255. The petitioner filed objections to the magistrate judge's report and recommendation stating that he was entitled to a hearing because the magistrate judge's report and recommendation was based on inaccurate facts. This Court disagrees with the petitioner's allegations. <u>See</u> <u>supra.</u>

An evidentiary hearing is not required in this civil action. An evidentiary hearing is required under 28 U.S.C. § 2255: "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255.

12

This Court finds that it is clear from the pleadings and the files and records that the petitioner is not entitled to any relief and thus, a hearing is unnecessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Accordingly, after a de novo review, this Court finds that the petitioner is not entitled to an evidentiary hearing under 28 U.S.C. § 2255 on the matters raised in his § 2255 motion.

## V. Conclusion

This Court finds that Magistrate Judge Seibert has examined all of the petitioner's claims carefully and has provided clear explanations for his recommendations. After de novo review as to the matters objected to by the petitioner, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's motion under 28 U.S.C. § 2255 is hereby DENIED, and the petitioner's objections to the magistrate judge's report and recommendation are hereby OVERRULED. As to the portions of the report and recommendation to which no objection is made, this Court concludes that the magistrate judge's recommendation is without clear error and this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation.

Should the petitioner choose to appeal the portions of the judgment of this Court to which an objection was made to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that

he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Moreover, under <u>Wright v. Collins</u>. 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the portions of the magistrate judge's proposed findings and recommendation bars the petitioner from appealing those portions of the judgment of this Court.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 12, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE