IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC L. JACKSON,

        Petitioner,

v.                                Civil Action No. 5:16CV74
                                    Criminal Action No. 5:01CR4
                                  (Judge Stamp)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On May 31, 2016, Eric L. Jackson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:16CV74, ECF No. 1; Criminal Action No. 5:01CR4, ECF No. 190).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

## II. FACTS

Following a jury trial, the Petitioner was found guilty of all four counts charged in the indictment: Conspiracy to Distribute Crack Cocaine, 21 U.S.C. 841(a)(1) and 846; Count 2 Distribution of Crack Cocaine within 1000 feet of a school; 21 U.S.C. 841(a)(1) and 860A; and Counts Three and Four, possession with intent to distribute crack cocaine within 1000 feet of a school 21U.S.C. 841(a)(1), 860. On September 4, 2001, the Presentence Investigation Report

---

[1]From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

("PSR") was filed. ECF No. 66, Paragraph 46 of the PSR provides in pertinent part as follows: "Chapter Four Enhancements. None."

On September 7, 2001, Petitioner was sentenced to 360 months incarceration on Counts 1,2,3, and 4 to be served concurrently. ECF No. 67. Petitioner's direct appeal was denied on June 13, 2003.

In his Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], he is entitled to be resentenced.

### III. ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S.Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in U.S.S.G. § 4B1.2 which, since at least 2004, has contained the same language as the ACCA which was struck down as unconstitutional in Johnson. See In re Hubbard, ___ F.3d ___, 2016 WL 318417 (4th Cir. June 8, 2016). Although the Court did not find the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorari in Travis v. Beckles, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is

---

[2]135 S.Ct. 2551 (2015).

whether <u>Johnson</u> applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

Therefore, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2 may be entitled to relief if the holding in <u>Johnson</u> is extended to career offenders.  However, the instant case does not require such analysis.  Petitioner was not sentenced as a career offender, nor as an Armed Career Criminal, and therefore, his argument that <u>Johnson</u> renders his sentence invalid lacks merit.

## IV.  <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:16CV74, ECF No. 1; Criminal Action No. 5:01CR4, ECF No. 190] be **DENIED** and **DISMISSED.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

    DATED: July 12, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE