IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC L. JACKSON,

    Petitioner,

v.                                      Civil Action No. 5:16CV74
                                     (Criminal Action No. 5:01CR4)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S § 2255 MOTION
AND OVERRULING PETITIONER'S OBJECTIONS**

The petitioner, Eric L. Jackson ("Jackson"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge Michael John Aloi under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that Jackson's motion be denied. Jackson filed timely objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the § 2255 motion, and overrules Jackson's objections.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

1

I. <u>Background</u>

Jackson was convicted of conspiracy to distribute cocaine base, distribution of cocaine base within 1,000 feet of a protected area, and two counts of possession of cocaine base with intent to distribute within 1,000 feet of a protected area. Jackson's conviction for conspiracy to distribute cocaine base included a mandatory minimum sentence of 20 years of imprisonment under 21 U.S.C. § 841(b)(1)(A) because Jackson had a prior felony drug conviction in New York. Before trial, the government filed an information under 21 U.S.C. § 851 setting out Jackson's prior conviction for third degree attempted criminal possession of a controlled substance, a class C felony,[2] in New York. ECF No. 46. At the sentencing hearing, Jackson affirmed his prior conviction, and this Court found that Jackson was subject to § 841(b)(1)(A)'s 20-year mandatory minimum sentence. Accordingly, this Court sentenced Jackson to 360 months of imprisonment for each count, to be served concurrently, and to be followed by five years of supervised release. This Court adopted the Presentence Investigation Report ("PSR"), which recommended that no sentencing enhancements under Chapter Four of the United States Sentencing Guidelines ("U.S.S.G.") be applied.

---

[2]It appears that third degree possession of a controlled substance is currently classified as a class B felony punishable by up to 25 years of imprisonment. See N.Y. Penal Law §§ 220.16; 70.00.2(b).

2

Jackson appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed Jackson's conviction and sentence. Jackson then filed his first motion under § 2255 on October 6, 2004 alleging ineffective assistance of counsel. This Court denied Jackson's motion on the merits. He then filed this motion under § 2255 arguing that he was sentenced as a Career Criminal under U.S.S.G. § 4B1.1 and that under Johnson v. United States, 135 S. Ct. 2551 (2015), his predicate offenses are no longer crimes of violence. Jackson did not seek approval from the Fourth Circuit before filing this § 2255 motion.

Counsel was appointed to represent Jackson in these proceedings. Magistrate Judge Aloi then entered a report recommending that Jackson's motion be denied on the merits. The magistrate judge concluded that Johnson does not apply to Jackson's sentence because he was not sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) or as a Career Criminal under U.S.S.G. § 4B1.1. Jackson's appointed counsel did not object to the report and recommendation and agreed that Johnson does not apply to Jackson's sentence. This Court then permitted Jackson to file pro se objections.

In his pro se objections, Jackson argues that he was sentenced as a Career Criminal under U.S.S.G. § 4B1.1. Jackson argues for the first time in his objections that the New York Drug Law Reform

3

Act of 2004, 2004 N.Y. Laws Ch. 738 (codified in scattered sections of N.Y. Correction Law, Crim. Proc. Law, Exec. Law, and Penal Law) (effective January 13, 2005), downgraded his prior New York drug conviction to a class C felony such that it can no longer be defined as a "controlled substance offense" under U.S.S.G. § 4B1.2. Jackson also seems to believe that § 841(b)(1)(A)'s 20-year mandatory minimum is the Career Criminal enhancement, which is actually found at U.S.S.G. § 4B1.1, and he argues for the first time in his objections that this statutory enhancement should be vacated based on the alleged downgrading of his prior New York conviction.

Additionally, Jackson filed several motions for a copy of the transcript of his sentencing hearing. This Court granted those motions and granted Jackson an opportunity to file any supplement to his objections after having the opportunity to review the sentencing transcript. Jackson did not file a supplement.

## II. Applicable Law

Because the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

First, this Court lacks jurisdiction to consider Jackson's § 2255 motion because it is second or successive. Generally, a § 2255 motion is second or successive if the petitioner has already filed such a motion and it was dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). A petitioner cannot file a second or successive § 2255 motion unless it is first certified by a panel of the appropriate court of appeals and contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Jackson does not dispute that he previously filed a § 2255 motion attacking the validity of his conviction and sentence or that he failed to seek certification from the Fourth Circuit to file this motion. Further, this Court finds that Jackson fails to meet § 2255's gatekeeping provisions because he does not assert that newly discovered evidence exonerates him, and his claim that Johnson, made retroactive by Welch v. United States, 136 S. Ct. 1257 (2016), invalidates his sentence is without merit.

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is

unconstitutionally vague.  The question of whether Johnson's holding also applies to invalidate the residual clause contained in U.S.S.G. § 4B1.2's definition of "crime of violence" is currently pending before the Supreme Court.  See Beckles v. United States, No. 15-8544, 136 S. Ct. 2510 (2016).  Jackson argues that he was sentenced as a Career Criminal under U.S.S.G. § 4B1.1, and that, after Johnson, his predicate offenses are no longer crimes of violence.  However, Jackson was not sentenced as a Career Criminal under U.S.S.G. § 4B1.1.  The PSR states that no Chapter Four enhancements, including the Career Criminal enhancement, applied to Jackson's convictions, and this Court adopted without change the PSR.  ECF No. 66 at 16.

While Jackson seems to believe that the statutory enhancement under § 841(b)(1)(A) is the Career Criminal enhancement, he is mistaken.  Section 841(b)(1)(A) requires a mandatory minimum sentence of 20 years of imprisonment for any defendant convicted of violating § 841(a) and that had "a prior conviction for a felony drug offense."  21 U.S.C. § 841(b)(1)(A).  At the sentencing hearing, Jackson affirmed his prior New York conviction for third degree attempted criminal possession of a controlled substance, a class C felony.  Accordingly, § 841(b)(1)(A) required a mandatory minimum sentence of 20 years of imprisonment for Jackson's conviction of conspiracy to distribute cocaine base in violation of § 841(a).

Even if Jackson's § 2255 motion is not second or successive, his motion is meritless. For the reasons discussed above, Jackson is not entitled to relief under Johnson. Further, to the extent that Jackson is attempting to assert non-Johnson-based claims that his prior New York drug conviction does not constitute a "controlled substance offense" under U.S.S.G. § 4B1.2(b) or that § 841(b)(1)(A)'s 20-year mandatory minimum should no longer apply, those claims also fail. As discussed above, Jackson was not sentenced as a Career Criminal under U.S.S.G. § 4B1.1, and thus his prior New York conviction did not serve as a predicate "controlled substance offense" under U.S.S.G. § 4B1.2(b). Further, § 841(b)(1)(A)'s mandatory minimum sentence applies to Jackson's conviction despite his allegation that the New York Drug Law Reform Act reclassified his prior offense as a class C felony.[3] Even if Jackson is correct that his prior offense has been reclassified, it would still be a felony and, thus, § 841(b)(1)(A) would still require a mandatory minimum sentence of 20 years of imprisonment.

Finally, Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion

---

[3]This Court notes that at the time of sentencing Jackson's prior New York offense was classified as a class C felony. It appears that this offense is currently classified as a class B felony. See N.Y. Penal Law § 220.16.

7

and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Jackson fails to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). This Court concludes that reasonable jurists would not find this Court's ruling to be debatable. Accordingly, Jackson is DENIED a certificate of appealability by this district court. Jackson may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 8/196) is AFFIRMED AND ADOPTED. Accordingly, Jackson's § 2255 motion (ECF No. 1/190) is DENIED, Jackson's objections to the report and recommendation (ECF No. 201)

are OVERRULED.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 4, 2016


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE